Juliane E. Lore, ID # 9786
LORE LAW FIRM PLLC
2921 2nd Ave. North
Billings, MT 59101
Phone: 406-206-0144

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re ) | |
| ) | |
| MARK EDWARD KUCERA ) | Case No. 12-60891 |
| ) | |
| ) | |
| Debtor. ) | |

CHAPTER 13 PLAN (DATED 2/10/2013)

    1. The future earnings and other income of the Debtor(s) are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor(s) shall pay to the Trustee the sum of **$ 420.00** each month for a period of **12** months, and then the sum of **$ 941.00** each month for a period of **48** months, or until all of the provisions of this Plan have been completed. Plan payments shall commence within thirty (30) days following the filing of the Plan. The Debtor(s) shall continue to make payments to the Trustee until/unless an order of wage garnishment or waiver is entered.

    2. From the payments so received, the Trustee shall make disbursements as follows:

(a) <u>ADMINISTRATIVE CLAIMS.</u> The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

| | | |
|---|---|---|
| Estimated total attorney fees: | | $__3500.00__ |
| Estimated total costs: | + | $___281.00__ |
| Total estimated attorney fees and costs: | = | $__3781.00__ |
| Less retainer: | − | $__1000.00__ |

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN:     $__2781.00___

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in F.R.B.P. 2016(b).

(b)  IMPAIRED SECURED CLAIMS.  After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim * | Rate of Interest |
|---|---|---|---|

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B).  In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c)  UNIMPAIRED SECURED CLAIMS.  The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Description of Collateral |
|---|---|
| WELLS FARGO HOME MORTGAGE | DEBTOR'S RESIDENCE |
| YELLOWSTONE BANK | DEBTOR'S RESIDENCE |
| YELLOWSTONE BANK | 1970 FORD MUSTANG |
| YELLOWSTONE BANK | 1939 FORD SEDAN DELIVERY |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearage |
|---|---|
| WELLS FARGO HOME MORTGAGE | $43,542.83 |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

 (d) <u>DOMESTIC SUPPORT OBLIGATIONS.</u> After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (***unless otherwise provided***).

   **Creditor**     **Complete Address**     **Claim Amount**

 (e) <u>PRIORITY CLAIMS.</u> After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

 (f) <u>GENERAL UNSECURED CLAIMS.</u> After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, non-priority claims on a pro rata basis.

 (g) <u>LIQUIDATION ANALYSIS.</u> The total amount distributed under paragraphs 2.(e) and (f) above will be at least $ **0.00** **,** which exceeds what would be available to pay unsecured claims if the Debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

 3. <u>REJECTION OF CONTRACTS OR LEASES.</u> The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

  **Type of Agreement**     **Date of Agreement**     **Other Party to Contract**

 All other executory contracts and unexpired leases shall be affirmed.

 4. <u>SURRENDER OF PROPERTY.</u> The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

  **Secured Creditor**     **Description of Collateral**

 5. <u>POST-PETITION SECURED DEBT:</u> The Debtor(s) reserves the right to incur Post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

 6. <u>REPORT OF CHANGES IN INCOME:</u> The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7. OTHER PROVISIONS:

8. DECLARATIONS:  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

9. EFFECTS OF CONFIRMATION:  Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i).  Debtor(s) specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all post-petition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. PREVIOUS BANKRUPTCIES, AND DISCHARGE:  (Check one)

- ⎯ Debtor(s) is not eligible for a discharge of debts because the debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

- **X** Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. INCOME TAX REFUNDS:  (Check one)

- ⎯ Debtor(s) projects no income tax refunds during the term of this plan.  As a result, no income tax refunds will be turned over to the trustee.

- **X** Debtor(s) projects income tax refunds during the term of this plan.  During the applicable commitment period of the plan, as defined in 11 U.S.C. § 1325(b)(4), Debtor(s) will turn over to the trustee all net income tax refunds.

- ⎯ Debtor(s) projects income tax refunds during the term of this plan, and such tax refunds are included in the Debtor's budget.

DATED this 10th day of February, 2013.

    /s/ Mark Kucera  
    Debtor, MARK KUCERA

## CERTIFICATE OF SERVICE

I hereby certify that on February 10th, 2013, a copy of the Proposed Amended Chapter 13 Plan was served on the following parties by US Mail:

Wells Fargo Hm Mortgage
8480 Stagecoach Cir
Frederick, MD 21701

Yellowstone Bank
2000 Overland Avenue
Billings, MT 59102

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Montana Department of Revenue
PO Box 7701
Helena, MT 59604

Bank Of America
Po Box 982238
El Paso, TX 79998

Bank Of America
Attention: Recovery Department
4161 Peidmont Pkwy.
Greensboro, NC 27410

Chase
P.O. Box 15298
Wilmington, DE 19850

Chiropractic Health Assoc
1407 Wyoming Ave.
Billings, MT 59102

Midland Funding
8875 Aero Dr
San Diego, CA 92123

Synter Resource grp
PO Box 6327
595 Rivers Ave., Ste. 102
North Charleston, SC 29419-3247

        ___/s/Juliane E. Lore_____
       **For Lore Law Firm, PLLC**